UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

SARAH BANEGAS, and other similarly )
situated individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
BUILDING & GROUNDS, INC. d/b/a Jani- )
King and THE RITZ-CARLTON HOTEL )
COMPANY, LLC. )
 )
        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, SARAH BANEGAS, and other similarly-situated individuals, sue the Defendants, BUILDING & GROUNDS, INC. d/b/a Jani-King and THE RITZ CARLTON HOTEL COMPANY, LLC, and allege:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, SARAH BANEGAS ("Banegas"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Banegas is a covered employee for purposes of the Act.

3. Defendant, BUILDING & GROUNDS, INC., d/b/a Jani-King (individually "Building") is a Florida Profit Corporation conducting business in Miami-Dade County, Florida, where Plaintiff worked for Building, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC. (individually "Ritz") is a Foreign Limited Liability Company conducting business in Miami-Dade County, Florida where Plaintiff worked for Ritz, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *BANEGAS* AGAINST *BUILDING*

5. Banegas re-adopts each and every factual allegation as stated in paragraphs 1 through 3 above as if set out in full herein.

6. This action is brought by Banegas, and those similarly-situated, to recover from Building unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  Building is and was, at all times pertinent to this complaint, engaged in interstate commerce.  At all times pertinent to this complaint, Building operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Building obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the

annual gross revenue of Building was at all times material hereto in excess of $500,000.00 per annum, and/or Banegas, and those similarly-situated, by virtue of working in interstate commerce; otherwise satisfy the Act's requirements.

8.      By reason of the foregoing, Banegas is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Banegas, and those similarly-situated, was and/or is engaged in interstate commerce for Building.  Building's business activities involve those to which the Fair Labor Standards Act applies.  Building is a housekeeping company and, through its business activity, affects interstate commerce. Banegas' work for Building likewise affects interstate commerce.  Banegas was employed by Building as housekeeper for Building's business.

9.      While employed by Building, Banegas routinely worked in excess of forty (40) hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed.  Banegas was employed as a housekeeper, performing the same or similar duties as that of those other similarly-situated housekeepers who Banegas observed worked in excess of forty (40) hours per week without overtime compensation.

10.     Banegas was paid approximately $7.50 per hour from on or about 2009 through 2011 and $7.67 per hour from 2011 through July of 2012, but has never been properly compensated overtime wages for the hours that she worked in excess of forty (40) per week. Banegas worked approximately, subject to discovery, sixty-five (65) hours per week for Building.  Banegas seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

11.     Prior to the completion of discovery and to the best of Banegas' knowledge, at the time of the filing of this complaint, Banegas' good faith estimate of unpaid wages is as follows:

**a. From March of 2010 through December 31, 2011:**

**$3.75 (unpaid half hours) x 25 overtime hours x 92 weeks = $8,625.00**

**b. From January 1, 2012 through July of 2012:**

**$3.835 (unpaid half hours) x 25 overtime hours x 28 weeks = $2,684.50**

**TOTAL = $11,309.50 IN ACTUAL DAMAGES AND $11,309.50 IN LIQUIDATED DAMAGES, PLUS reasonable attorney's fees and costs of suit.**

12.     At all times material hereto, Building failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Banegas, and those similarly-situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Building to properly pay them at the rate of time and one half for all hours worked in excess of forty (40) per workweek as provided in said Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Building who are and who were subject to the unlawful payroll practices and procedures of Building and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

13.     Building knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Banegas, and those similarly-situated, these overtime wages since the commencement of Banegas', and those similarly-situated employees, employment with Building as set forth above, and Banegas, and those similarly-situated, are entitled to recover double

damages. Building never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

14. Building willfully and intentionally refused to pay Banegas overtime wages as required by the law of the United States as set forth above and remains owing Banegas these overtime wages since the commencement of Banegas' employment with Buolding as set forth above.

15. Banegas has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Banegas, and those similarly-situated, request that this Honorable Court:

A. Enter judgment for Banegas, and other similarly-situated, and against Building on the basis of Banegas willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Banegas actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Banegas an equal amount in double damages/liquidated damages; and

D. Award Banegas reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Banegas demands a trial by jury.

## JURY DEMAND

Banegas, and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *BANEGAS* AGAINST *RITZ*

16. Banegas re-adopts each and every factual allegation as stated in paragraphs 1-2 and 4 above as if set out in full herein.

17. This action is brought by Banegas, and those similarly-situated, to recover from Ritz unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Ritz is and was, at all times pertinent to this complaint, engaged in interstate commerce. At all times pertinent to this complaint, Ritz operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Ritz obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Ritz was at all times material hereto in excess of $500,000.00 per annum, and/or Banegas, and those

similarly-situated, by virtue of working in interstate commerce; otherwise satisfy the Act's requirements.

19. By reason of the foregoing, Ritz is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Banegas, and those similarly-situated, was and/or is engaged in interstate commerce for Ritz.  Ritz's business activities involve those to which the Fair Labor Standards Act applies.  Ritz is a hotel and, through its business activity, affects interstate commerce. Banegas work for Ritz likewise affects interstate commerce.  Banegas was employed by Ritz as housekeeper for Ritz's business.

20. While employed by Ritz, Banegas routinely worked in excess of forty (40) hours per week without being compensated at a rate of not less than one and one half times the regular rate at which she was employed.  Banegas was employed as housekeeper, performing the same or similar duties as that of those other similarly-situated housekeeper who Banegas observed worked in excess of forty (40) hours per week without overtime compensation.

21. Banegas was paid approximately $7.50 per hour from on or about 2009 through 2011 and $7.67 per hour from 2011 through July of 2012, but has never been properly compensated overtime wages for the hours that she worked in excess of forty (40) per week. Banegas worked approximately, subject to discovery, sixty-five (65) hours per week for Building.  Banegas seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

22.  Prior to the completion of discovery and to the best of Banegas' knowledge, at the time of the filing of this complaint, Banegas' good faith estimate of unpaid wages is as follows:

**a. From March of 2010 through December 31, 2011:**

**$3.75 (unpaid half hours) x 25 overtime hours x 92 weeks = $8,625.00**

**b. From January 1, 2012 through July of 2012:**

**$3.835 (unpaid half hours) x 25 overtime hours x 28 weeks = $2,684.50**

**TOTAL = $11,309.50 IN ACTUAL DAMAGES AND $11,309.50 IN LIQUIDATED DAMAGES, PLUS reasonable attorney's fees and costs of suit.**

23.     At all times material hereto, Ritz failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Banegas, and those similarly-situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Ritz to properly pay them at the rate of time and one half for all hours worked in excess of forty (40) per workweek as provided in said Act.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Ritz who are and who were subject to the unlawful payroll practices and procedures of Banegas and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

24.     Ritz knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Banegas, and those similarly-situated, these overtime wages since the commencement of Banegas', and those similarly-situated employees, employment with Ritz as set forth above, and Banegas, and those similarly-situated, are entitled to recover double damages.  Ritz never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25.	Ritz willfully and intentionally refused to pay Banegas overtime wages as required by the law of the United States as set forth above and remains owing Banegas these overtime wages since the commencement of Banegas' employment with Ritz as set forth above.

26.	Banegas has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Banegas, and those similarly-situated, request that this Honorable Court:

A.	Enter judgment for Banegas, and other similarly-situated, and against Ritz on the basis of Banegas' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.	Award Banegas actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.	Award Banegas an equal amount in double damages/liquidated damages; and

D.	Award Banegas reasonable attorney's fees and costs of suit; and

E.	Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F.	Banegas demands a trial by jury.

## JURY DEMAND

Banegas, and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

Dated: March 21, 2013.

By:____/s/ R. Martin Saenz

                                                                            R. Martin Saenz, Esquire  
                                                                            Fla. Bar No.: 0640166  
                                                                            Email: msaenz@saenzlawfirm.com  
                                                                            THE SAENZ LAW FIRM, P.A.  
                                                                            20900 N.E. 30th Avenue, Ste. 800  
                                                                            Aventura, Florida 33180  
                                                                            Telephone: (305) 503.5131  
                                                                            Facsimile:  (888) 270-5549